IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL WALLE,**

       **Plaintiff,**

  **v.**              CASE NO. 19-3185-SAC

**OFFICER MAIN #750,**

       **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and in forma pauperis.

### Nature of the Complaint

Plaintiff, a prisoner at the Saline County Jail, brings this action against a transport officer who took him to court in Saline County from the Ottawa County Jail. During the transfer, plaintiff was placed in a holding room while wearing restraints. Another inmate in the room who was not in restraints struck plaintiff in the face. Plaintiff alleges that this conduct was gross negligence; he seeks monetary damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See*

*Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The Court liberally construes petitioner's claim to allege a failure to protect under the Eighth Amendment, which guarantees a prisoner the right to be free from cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)(discussing duty to protect prisoners from violence by other prisoners).

A prison official violates the Eighth Amendment only when two components are met: first, an objective component, showing the prisoner plaintiff was held under conditions posing a substantial risk of serious harm, and second, a subjective component, showing that the official acted with obduracy and wantonness, not inadvertence or error in good faith.

Because the "Eighth Amendment protects inmates from the 'infliction of punishment' - it does not give rise to claims sounding in negligence or medical malpractice." *Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016)(quoting *Farmer v. Brennan*, 511 U.S. 825, 838

(1994)). Here, plaintiff's allegations do not plausibly assert that the defendant officer acted with "obduracy and wantonness." Rather, plaintiff presents a claim of negligence, which is actionable in state court, rather than a claim of conduct prohibited by the Cruel and Unusual Punishments Clause. *See, e.g., Harris v. Werholtz*, 260 P.2d 101 (Table), 2011 WL 4440314 (Kan. App. 2011).

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief under § 1983.[1] The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 8, 2019,** plaintiff shall show cause why this matter should not be dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 8th day of October, 2019, at Topeka, Kansas.


```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```

---

[1] Such a dismissal will not prevent plaintiff proceeding in state court. The Court offers no opinion on the merits of such a claim.